UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

LIDYA MARIA RADIN,

                Defendant.

S1 16 Cr. 528 (HBP)

**The Government's Opposition to Defendant's
Motion to Disqualify**

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Stephanie Lake
Assistant United States Attorney
    *Of Counsel*

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................... 1
BACKGROUND ............................................................................................................................ 1
   I. Evidence at Trial.................................................................................................................... 1
   II. Relevant Procedural History ................................................................................................ 2
ARGUMENT .................................................................................................................................. 4
   I. Disqualification Is Not Warranted......................................................................................... 4
      A. Applicable Law ............................................................................................................ 4
      B. Discussion .................................................................................................................... 5
   II. The Defendant's Prosecution Has Proceeded According to the Applicable Rules................ 7
   III. The Defendant's Sixth Amendment Rights Have Not Been Violated................................. 8
   IV. The Government Has Produced All Rule 16 Discovery and Is Unaware of Any Material Exculpatory Evidence Under *Brady* ........................................................................................ 10
   V. The Defendant Is Not Entitled to a Bill of Particulars....................................................... 11
CONCLUSION............................................................................................................................. 13

**PRELIMINARY STATEMENT**

The Court should deny the defendant's motion.  Styled as a motion to disqualify the judge, the defendant's *pro se* motion alludes to a number of other legal arguments.  Neither the facial disqualification argument nor any other argument that can be gleaned from the defendant's brief has merit.  No part of her sprawling submission contains facts indicative of judicial bias or to support the claim that Judge Pitman and his deputy are witnesses to her case.  In addition, the case against her has proceeded according to the applicable procedural rules.  A number of the defendant's points seem to stem from a misunderstanding of what those rules are.  For example, because the defendant is charged with petty offenses, Federal Rule of Criminal Procedure 58 applies to these proceedings and Rule 5.1 does not.  The defendant's brief similarly reflects a misunderstanding of the Sixth Amendment rights afforded to criminal defendants insofar as it suggests that she has a right to be represented by laypersons.  Finally, her separate submission demanding a Bill of Particulars should be denied.  The Violation Notices, Superseding Information, and discovery provided in this case all have adequately apprised the defendant of the nature of the charges against her.

**BACKGROUND**

I. **Evidence at Trial**

If this case proceeds to trial, the Government intends to introduce witness testimony and a video recording demonstrating that on January 28, 2016, in the United States Courthouse at 500 Pearl Street, the defendant failed to comply with the instructions of a Court Security Officer ("CSO").  Specifically, the Government will prove that a CSO instructed the defendant not to

follow another individual into an elevator. The defendant ignored those instructions and attempted to push past the CSO to enter the elevator.

The Government also intends to introduce witness testimony demonstrating that on July 7, 2016, also in the United States Courthouse at 500 Pearl Street, the defendant yelled and screamed in the lobby and failed to comply with the instructions of Federal Protective Services ("FPS") employees. Specifically, the defendant raised her voice and would not exit the building when requested.

## II.  Relevant Procedural History

On January 28, 2016, the defendant was issued a United States District Court Violation Notice, citing her for having violated Title 18, United States Code, Section 111(a)(1). The narrative portion of the notice provided that the defendant "had pushed [a Court Security Officer] on the 20th floor elevator area" of the federal courthouse at 500 Pearl Street. Ex. A, Jan. 28, 2016 Violation Notice.

On July 7, 2016, the defendant appeared before Chief Magistrate Judge Debra Freeman to be presented on the January 28, 2016 Violation Notice. *See, e.g.*, July 7, 2016 Tr. at 5:5-22, 6:16-24. During that appearance, the defendant was advised of her right to be represented by an attorney. *Id.* at 6:16-24. The defendant indicated her desire to proceed *pro se*, and asked that the Federal Defender present "please leave." *Id.* at 6:25-7:9.

Also on July 7, 2016, the defendant was issued two additional United States District Court Violation Notices. The first cited her for failing to conform with signs and directions, in violation of Title 41, Code of Federal Regulations, Section 102-74.385, and provided that the defendant "fail[ed] to conform with directions when told multiple time[s] by Court Security Officers, U.S.

2

Marshals Services and Federal Protective Services to depart the courtroom, hallways and lobby of 500 Pearl Street, which violates lawful direction of Federal Police Officers and other authorized individuals." Ex. B, July 7, 2016 Violation Notices. The second cited her for creating loud and unusual noise and nuisance, in violation of Title 41, Code of Federal Regulations, Section 102-74.390(a), and provided that the defendant, among other things, "yell[ed] and scream[ed] in [the] lobby of 500 Pearl . . . ." *Id.*

On August 3, 2016, the Government filed an information (the "Information") against the defendant, charging, in sum and substance, the same conduct alleged in the January 28 and July 7 Violation Notices in three counts. Count One charged a Class B misdemeanor violation of 18 U.S.C. § 113(a)(5) and Counts Two and Three charged the Class C misdemeanor C.F.R. violations listed on the Violation Notices.

On August 10, 2016, the defendant failed to appear at a scheduled case management conference before Judge Freeman. *See* Aug. 10, 2016 Tr. at 2:10-15, 7:4-11. On August 26, 2016, the defendant voluntarily appeared before the Honorable Andrew J. Peck to be presented and arraigned on the Information. During that proceeding, Judge Peck informed the defendant of her rights, including her right to an attorney. *See* Aug. 10, 2016 Tr. at 5:13-14 ("My strong suggestion, in fact, we're about to discuss it now, you have the right to be represented by counsel."); *id.* at 8:16-17 ("Ms. Radin, this is why you need an attorney to represent you."); *id.* at 9:19-23 ("You have the right to be represented by counsel during all court proceedings including this one and during all questioning by the authorities. If you cannot afford an attorney and you wish one, I will

3

appoint one today to represent you without charge to you."). At the conclusion of that proceeding, the case was assigned to Your Honor.

On September 23, 2016, the Government filed a superseding information (the "Superseding Information") against the defendant. The Superseding Information reduced the charge in Count One from a Class B misdemeanor to a Class C misdemeanor, but left Counts Two and Three unaffected. The defendant appeared before this Court and requested more time to review the charges before moving forward. *See* Sept. 23, 2016 Tr. at 5:16-20.

The parties appeared before this Court again on November 10, 2016, at which time the defendant was arraigned on the Superseding Information. Because the defendant refused to enter a plea, the Court entered a plea of not guilty on her behalf. *See* Nov. 10, 2016 Tr. at 5:20-22.

Although the defendant has been offered counsel, including standby counsel, on multiple occasions, she has refused representation at all times and is proceeding *pro se*. *See, e.g.*, July 7, 2016 Tr. at 8:2-12, 10:18-24; Aug. 26, 2016 Tr. at 5:13-14, 8:16-17, 9:19-23; Sept. 23, 2016 Tr. at 3:14-4:15.

## ARGUMENT

### I. Disqualification Is Not Warranted

#### A. Applicable Law

The defendant has styled her motion as one to disqualify under Title 28, United States Code, Sections 455 and 144. Most relevantly, section 455 provides that a judge should disqualify him or herself where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455. Section 144 provides "[w]henever a party to any proceeding in a district court makes and files a timely and

sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [her] or in favor of any adverse party, such judge shall proceed no further therein." *Id.* § 144.  It further notes that "[a] party may file only one such affidavit in any case." *Id.*  Recusal is warranted where "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal, or alternatively, [where] a reasonable person, knowing all the facts, would question the judge's impartiality." *United States* v. *Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (first alteration in original; internal quotation marks omitted).

### B. Discussion

The defendant has not shown that Judge Pitman harbors a personal bias or prejudice against her, or that he is a witness to any aspect of this case.  The only claims that can be gleaned from her memorandum and from the numerous affidavits[1] appended to the motion are that (a) Judge Pitman "tried to deceive Radin that Peck had signed an Order on October 20, 2015, dismissing the case against Radin," Def. Br. at 12, (b) that Judge Pitman's deputy "is a witness for Radin as is Pitman," *id.* at 9, and (c) that Judge Pitman did not allow the defendant's friends to sit with her at counsel table, *id.* at 11.

With respect to the first claim, the record reflects that Judge Pitman did not attempt to deceive the defendant in any way.  When the defendant raised questions in open court about where prior Violation Notices had been filed, the Court explained that the defendant could "go to the

---

[1] Although Section 144 limits litigants to one affidavit, the Government has reviewed the various affidavits the defendant submitted and concluded that none contain facts relevant to this argument.

5

Clerk's Office" and that the Court did not know where the particular document the defendant sought was. Nov. 10, 2016 Tr. at 11:2-10. When the defendant later presented the court with a document—presumably an order dismissing a prior Violation Notice—the Court read from the document that it "says so ordered, this is an order." *Id.* at 12:3. These interactions reflect nothing more than good faith attempts by the Court to clarify the record for the defendant and address issues that she had raised.

With respect to the second claim, the defendant has not put forth any facts to support her contention that Judge Pitman or his deputy is a witness. She levies baseless assertions that "Peck, Pitman, and Court Clerks Vincent Babino [sic] and Daniel Ortez [sic] drew Pitman's courtroom deputy Bruce Hampton into their criminal scheme. Bruce Hampton is a witness for Radin as is Pitman." Def. Br. at 9. However, she has not claimed that either Judge Pitman or his deputy have "personal knowledge of disputed evidentiary facts" relevant to the charges in the Superseding Information. It is not at all clear what they would be a witness to, and the defendant's bald assertions are not sufficient to justify the extraordinary relief she seeks.

Finally, the defendant has not proffered any basis for concluding that Judge Pitman is biased. Enforcing courtroom decorum by, for example, limiting counsel table to litigants and attorneys, does not evince bias. *Cf. Liteky* v. *United States*, 510 U.S. 540, 556 (1994) ("All of these grounds are inadequate under the principles we have described above: They consist of judicial rulings, routine trial administration effort, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses."). Moreover, events that "occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings

nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible" do not warrant recusal.  *Id.*

## II.  The Defendant's Prosecution Has Proceeded According to the Applicable Rules

The defendant complains that a showing of probable cause has not adequately been made with respect at least to the conduct charged in Count One.  *See* Def. Br. at 1-2.  This claim has no merit, as this case has proceeded in accordance with the applicable rules.[2]

As an initial matter, the defendant at no time was placed under arrest.  She was issued Violation Notices on two occasions—January 28, 2016 and July 7, 2016—and is charged only with misdemeanor offenses.  Although the January 28, 2016 Violation Notice charged the defendant with a Class A misdemeanor, both the Information and the Superseding Information charged her only with Class B and C misdemeanors, which qualify as "petty offenses."  *See* 18 U.S.C. § 3559; 18 U.S.C. § 19 ("'petty offense' means a Class B misdemeanor, a Class C misdemeanor, or an infraction").

The Federal Rules of Criminal Procedure do not entitle a defendant to a preliminary hearing on a petty offense.  *See* Fed. R. Crim P. 5.1(a).  Misdemeanor and petty offense trials "may proceed on an indictment, *information*, or complaint."  Fed. R. Crim. P. 58 (emphasis added).  The

---

[2] Although the defendant does not explicitly raise speedy trial act issues in her brief, she indicated during the November 10, 2016 proceeding that she "want[ed] this dismissed under Speedy Trial."  Nov. 10, 2016 Tr. at 6:4-6.  The Speedy Trial Act does not apply to petty offenses, with which the defendant is charged.  *Compare* 18 U.S.C. § 3161 (limiting application of the act to "any case involving a defendant charged with an offense"), *with* 18 U.S.C. § 3172 ("As used in this chapter . . . the term 'offense' means any Federal criminal offense . . . other than a Class B or C misdemeanor or an infraction . . . .").

7

defendant's claims of entitlement to a preliminary hearing, detailed complaint, or other statement of probable cause are therefore foreclosed by the rules. They also are mooted by the fact that the Violation Notices in which the defendant initially was charged do contain statements of probable cause. *See* Exs. A-B.

**III. The Defendant's Sixth Amendment Rights Have Not Been Violated**

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for [her] defence." U.S. Const. amend VI. The defendant cannot credibly argue that her Sixth Amendment right to counsel has been violated. *See, e.g.*, July 7, 2016 Tr. at 8:2-6 ("I'm going to ask Federal Defenders to be available to consult with you fully regarding the consequences of proceeding without counsel so that you can make a knowing, intelligent decision not to proceed with counsel"); Aug. 26, 2016 Tr. at 8:16-17 ("Ms. Radin, this is why you need an attorney to represent you"); Sept. 23, 2016 Tr. at 4:2-12 ("Let me first advise you that you have the right to counsel and that I am willing to appoint counsel for you. . . . Although you have a right to represent yourself, it can be a very dangerous course to follow.")

The defendant argues that her Sixth Amendment rights were violated because judges before whom she has appeared in connection with this case generally have not allowed laypeople to sit with her at counsel table. *See, e.g.*, Def. Br. at 11. The defendant does not cite any authority for the proposition that the Sixth Amendment affords criminal defendants a right to be joined at counsel table by non-lawyers. One of the affidavits submitted as part of her voluminous

8

submission[3] does cite several cases for the proposition that "[l]itigants can be assisted by unlicensed laymen during judicial proceedings." *See* Saravia Aff. ¶ 246. However, the cited cases stand only for the propositions that (1) members of an association may consult one another and receive advice regarding the need for legal assistance and which attorneys to retain, *see Bhd. of R. R. Trainmen* v. *Virginia ex rel. Va. State Bar*, 377 U.S. 1, 5 (1964); *NAACP* v. *Button*, 371 U.S. 415, 434 (1963), and (2) inmates may assist one another in the preparation of petitions for post-conviction relief, *see Johnson* v. *Avery*, 393 U.S. 483 (1969).

Although the issue has not been directly addressed in this Circuit, both the Fifth and Ninth Circuit have held that a defendant has no right to be represented or joined at counsel table by a non-lawyer. In *United States* v. *Martin*, 790 F.2d 1215 (5th Cir. 1986), for example, the Fifth Circuit held that it was not error for the district court to deny the defendant's request to have a non-lawyer sit at counsel table. *Id.* at 1218. It explained that the defendant "had no constitutional right to standby counsel, or appointed counsel of his choosing. He had no right to be represented in this litigation by a non-lawyer of his choice." *Id.* (citations omitted). The Ninth Circuit similarly has approved limitations on non-attorneys sitting at counsel table. *See United States* v. *Kelley*, 539 F.2d 1199, 1201-02 (9th Cir. 1976) (affirming the district court's decision to deny defendant's

---

[3] It appears that the defendant may be attempting to circumvent the Court's order limiting the submission to "25 pages for the opening brief . . . typewritten, double-spaced, 12 point text . . .[,]" Nov. 10, 2016 Tr. at 8:21-25, by including argument in the various lengthy affidavits she submitted. Her unsupported assertion that this page limit violated her right to due process, Def. Br. at 11, is incorrect. *See, e.g.*, *Watts* v. *Thompson*, 116 F.3d 220, 224 (7th Cir. 1997).

request for lay "counsel" and for the layperson to sit at counsel table or consult with the defendant during the trial).

## IV. The Government Has Produced All Rule 16 Discovery and Is Unaware of Any Material Exculpatory Evidence Under *Brady*

The defendant further complains that the Government has not provided sufficient discovery, including *Brady* material, because there is approximately one hour of time "missing" from the security video footage taken on January 28, 2016. The defendant does not move for any particular relief with respect to this claim.

Rule 16 provides that "the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; [or] (ii) the government intends to use the item in its case-in-chief at trial." Fed. R. Crim. P. 16(E)(i)-(ii). *Brady* v. *Maryland*, in turn, provides that the Government has a constitutional duty to disclose evidence that is favorable to the accused where that evidence is "material" to guilt or to punishment. 373 U.S. 83, 87 (1963).

As an initial matter, the Government has produced to the defendant any and all discoverable material in its possession and will continue to do so to the extent it acquires or becomes aware of any additional materials. This includes a security video that was provided to the Government by court staff shortly after the January 28, 2016 Violation Notice issued. The security video that the Government received and that it provided to the defendant contains several camera angles during several timeframes. Most relevantly, it shows the lobby of the 20th floor of 500 Pearl Street from approximately 10:40 a.m. until approximately 10:45 a.m. (the "First Window") and then again

from 11:47 until approximately 11:51 a.m. (the "Second Window") on January 28, 2016. The First Window shows events relevant to the charge in Count One of the Superseding Information: it shows the defendant attempt to follow an individual into an elevator, a CSO block the defendant from entering the elevator, and the defendant attempt to push past the CSO. The Second Window shows an FPS employee arrive and hand the defendant what appears to be a Violation Notice.

At no time has the Government been in possession of security footage of the 20th Floor from 10:45 a.m. to 11:47 a.m. The Government has spoken with court security, who has confirmed that, pursuant to its retention policies, surveillance videos are retained for a maximum of 30 days. As a result, additional video from January 28, 2016 does not exist and has not existed since at least February 2016.

This in no way prejudices the defendant. The defendant has not explained how or why events during that approximate one-hour timeframe would be relevant to her defense or tend to exculpate her. Nor is there any conceivable theory by which that would be true. Events that occurred after the defendant failed to comply with the CSO's instructions that she not enter the elevator have no plausible bearing on her guilt, innocence, or potential punishment.

**V. The Defendant Is Not Entitled to a Bill of Particulars**

The defendant has not made a showing of a need for a bill of particulars. The Superseding Information coupled with the Violation Notices and discovery provided to the defendant constitute adequate notice of the charged conduct.

Rule 7(f) of the Federal Rules of Criminal Procedure permits the Court to direct the Government to file a bill of particulars. "The purpose of a bill of particulars is to supplement the

11

allegations in the indictment when necessary to (1) enable the defendant to prepare his defense, (2) avoid unfair surprise to the defendant at trial, and (3) preclude a second prosecution of the same offense." *United States* v. *Mandell*, 710 F. Supp. 2d 368, 384 (S.D.N.Y. 2010) (citations and internal quotation marks omitted); *see* also United *States* v. *Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). A "bill of particulars is not an investigative tool for the defendants." *United States* v. *Johnson*, 21 F. Supp. 2d 329, 339 (S.D.N.Y. 1998). "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States* v. *Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir. 1989). "The Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crime charged, or a preview of the Government's evidence or legal theories." *United States* v. *Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001). "If the information the defendant seeks 'is provided in the indictment or in some acceptable alternate form,' such as discovery or other correspondence, no bill of particulars is required." *United States* v. *Binday*, No. 12 Cr. 152, 2012 WL 6135013, at *11 (S.D.N.Y. Dec. 10, 2012) (citing *United States* v. *Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987)).

None of the information requested in the defendant's demand is required to apprise the defendant of the specific acts she is charged with committing. Certain requested information already has been provided, including where alleged conduct occurred. In any event, this is precisely the type of information courts have held to be beyond the scope of a bill of particulars.

Other information the defendant requested, including presentment dates and jurisdictional information, are irrelevant to the charged conduct and therefore outside of the scope of the rule.

## CONCLUSION

For the foregoing reasons, the Court should deny the defendant's motion.

Dated: New York, New York
January 19, 2017

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____
Stephanie Lake
Assistant United States Attorney
Tel.: 212-637-1066