UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

UNITED STATES OF AMERICA,                :

    -against-                          :     S1 16 Cr. 528 (HBP)

LIDYA MARIA RADIN,                       :     OPINION
                                               AND ORDER
            Defendant.   :

-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/2017

PITMAN, United States Magistrate Judge:

## I.  Introduction

By motion dated January 5, 2017 (Motion to Disqualify
Magistrate Pitman for Bias & as a Material Witness, dated Jan. 5,
2017 (Docket Item ("D.I.") 21) ("Motion to Disqualify")), defen-
dant moves pursuant to 28 U.S.C. §§ 144, 455 to disqualify me for
being both biased and a material witness; defendant also raises a
host of other, unrelated legal issues.  For the reasons set forth
below, defendant's motion is denied in all respects.

## II.  Facts

On January 28, 2016, defendant allegedly pushed a Court
Security Officer on the 20th floor of the United States Court-
house located at 500 Pearl Street, New York, New York (the
"Courthouse") after being directed by court security personnel

not to enter an elevator.  As a result, defendant was issued a

United States District Court Violation Notice, citing her for a

violation of 18 U.S.C. § 111(a)(1) (Government's Opposition to

Defendant's Motion to Disqualify, dated Jan. 19, 2017 (D.I. 27)

("Gov.'s Mem."), Ex. A).

In a separate incident, on July 7, 2016, defendant

allegedly refused to comply with an instruction from court

security personnel to leave the Courthouse.  She also allegedly

yelled and screamed in the lobby of the Courthouse.  As a result,

defendant was issued two additional United States District Court

Violation Notices, citing her for violations of 41 C.F.R. §§ 102-

74.385, 102-74.390(a) (Gov.'s Mem., Ex. B).

On September 26, 2016, the Government filed a Supersed-

ing Misdemeanor Information against defendant with respect to the

January 28 and July 7, 2016 incidents.  Counts One and Three

charged defendant with violating 41 C.F.R. § 102-74.385, a Class

C misdemeanor.  Count Two charged defendant with violating 41

C.F.R. § 102-74.390(a), also a Class C misdemeanor (Superseding

Misdemeanor Information, filed Sept. 26, 2016 (D.I. 12)).

Defendant was arraigned on the Superseding Misdemeanor

Information on November 10, 2016.  Because defendant refused to

enter a plea, I entered a plea of not guilty on her behalf

(November 10, 2016 Transcript (D.I. 25) ("Nov. Tr."), at 5:19-5:22).

Defendant has been advised of her rights, including her right to counsel, on multiple occasions. Nevertheless, defendant has refused representation at all times and is proceeding pro se (July 7, 2016 Transcript (D.I. 16), at 8:2-8:12, 10:18-10:24; August 26, 2016 Transcript (D.I. 18), at 7:3-8:15; September 23, 2016 Transcript (D.I. 23), at 4:2-4:15).

III.  Analysis

In addition to her claim that I am biased and will be a material witness, defendant also alludes to a number of other arguments in her sprawling submissions. Each of defendant's arguments, to the extent they can be discerned from her submissions, will be addressed in turn.

A.  Disqualification

Defendant appears to assert two grounds for disqualification. First, defendant claims that I "colluded and conspired with [the Honorable Debra] Freeman and [Andrew J.] Peck[, United States Magistrate Judges,] in trying to deceive [defendant] that [Judge] Peck had signed an Order on October 20, 2015 dismissing the case against [defendant] in federal district court in [ticket number] H5118158 . . . thereby disqualifying [me] from any ruling

3

in [defendant's] case(s)" and that my courtroom deputy and I are witnesses to the alleged conduct that gives rise to the charges against defendant (Motion to Disqualify, at 12). Second, defendant claims that I "colluded and conspired in more sham proceedings" by refusing to allow defendant's associates to sit in the well of the courtroom during a pretrial conference (Motion to Disqualify, at 11).

Title 28, United States Code, Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [her] or in favor of any adverse party, such judge shall proceed no further therein."[1] Title 28, United States Code, Section 455(a) and (b)(1) provides, in pertinent part, that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In assessing a motion for recusal, the relevant inquiry is

---

[1]Section 144 also provides that "[a] party may file only one such affidavit in any case." Defendant, however, has filed multiple affidavits in support of her motion.

4

"whether an objective, disinterested observer fully informed of
the underlying facts, [would] entertain significant doubt that
justice would be done absent recusal, or alternatively, whether a
reasonable person, knowing all the facts, would question the
judge's impartiality." United States v. Yousef, 327 F.3d 56, 169
(2d Cir. 2003) (alteration in original; internal quotation marks
omitted); accord Dekom v. New York, 583 F. App'x 15, 17 (2d Cir.
2014) (summary order).

All of defendant's assertions of misconduct are factu-
ally baseless and based on misrepresentations of the record.
With respect to her first claim, I did not deceive defendant in
any way. When defendant asked where prior Violation Notices had
been filed, I explained that I did not know the answer and that
defendant could go to the Clerk's Office to inquire (Nov. Tr., at
9:5-11:3). When defendant presented a document, which was
presumably an order dismissing a prior Violation Notice, I read
from the document and noted that it "says so ordered, [so] this
is an order" (Nov. Tr., at 11:15-12:3).[2] Far from deceiving

---

[2]When defendant inadvertently left this document in the
courtroom, I sent it back to her. In my cover letter, I ex-
plained that I was sending back, among other things, "the certi-
fied copy of a dismissal slip signed by Judge Peck, dismissing
tickets that were issued to [defendant] on January 28 and July 7,
2016" (Letter from the undersigned to defendant, dated Nov. 17,
2016 (D.I. 20)).

5

defendant, I clarified the record and addressed the issues she
had raised.

Additionally, defendant has not set forth any facts
demonstrating that my courtroom deputy or I have personal knowl-
edge of any of the events in the Superseding Misdemeanor Informa-
tion.  Neither my courtroom deputy nor I witnessed either the
January 28 or July 7 incidents.

Defendant's claim of bias is legally deficient.  In
order to constitute a basis for recusal, the alleged bias must
have an extrajudicial source, i.e., the claim must be based on
something other than the judge's in-court rulings and case
management decisions.

> [T]he fact that Plaintiff-Appellant and Appellants were
> unhappy with the district court's legal rulings and
> other case management decisions is not a basis for
> recusal, and under no circumstances justifies the
> utterly unsubstantiated allegations of . . .
> dishonesty . . . and fraud lodged against the district
> court.  See In re Int'l Bus. Machs. Corp., 618 F.2d
> 923, 927 (2d Cir. 1980) ("'The alleged bias and preju-
> dice to be disqualifying [under 28 U.S.C. § 455] must
> stem from an extrajudicial source and result in an
> opinion on the merits on some basis other than what the
> judge has learned from his participation in the case.'-
> ") (quoting United States v. Grinnell Corp., 384 U.S.
> 563, 583, 86 S. Ct. 1698, 16 L.E.2d 778 (1966)).

Watkins v. Smith, 561 F. App'x 46, 47 (2d Cir. 2014) (summary

order) (second alteration in original); see Securities & Exch.

Comm'n v. Razmilovic, 738 F.3d 14, 29-30 (2d Cir. 2013) ("Accord-

6

ingly, recusal is not warranted where the only challenged conduct 'consist[s] of judicial rulings, routine trial administration efforts, and ordinary admonishments . . . to counsel and to witnesses,' where the conduct occurs during judicial proceedings, and where the judge 'neither (1) relie[s] upon knowledge acquired outside such proceedings nor (2) display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible.'" (alterations in original)), quoting Liteky v. United States, 510 U.S. 540, 555 (1994); ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 107 (2d Cir. 2012); Weisshaus v. Fagan, 456 F. App'x 32, 35 (2d Cir. 2012) (summary order); Gallop v. Cheney, 645 F.3d 519, 520-21 (2d Cir. 2011) (per curiam); Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227-28 (2d Cir. 2009) (per curiam); LoCascio v. United States, 473 F.3d 493, 495-96 (2d Cir. 2007) (per curiam); Smith v. City of New York, 14 Civ. 2690 (NRB), 2015 WL 1539049 at *2 (S.D.N.Y. Apr. 7, 2015) (Buchwald, D.J.). See generally 1 Michael Silberberg, Edward M. Spiro & Judith L. Mogul, Civil Practice in the Southern District of New York § 3:12 (2016-2017 ed.). Because defendant's second claim is based on events that occurred in the course of judicial proceedings, it is not a ground for recusal.

Accordingly, defendant's motion to disqualify me is denied.

7

B.   Sixth Amendment

        Defendant argues that her Sixth Amendment right to
effective assistance of counsel was violated when Judges Freeman
and Peck and I refused to let her associates, who are not law-
yers, sit in the well of the courtroom during a conference
(Motion to Disqualify, at 6-7, 9, 11).

        The Sixth Amendment provides that "[i]n all criminal
prosecutions, the accused shall enjoy the right . . . to have the
Assistance of Counsel for [her] defen[s]e."  U.S. Const. amend.
VI.   Although the Second Circuit has never addressed the issue,
both the Fifth and Ninth Circuits have held that a defendant has
no right to be represented, or joined in the well of a courtroom,
by a non-lawyer.  See United States v. Martin, 790 F.2d 1215,
1218 (5th Cir. 1986) (defendant "had no constitutional right to
standby counsel, or appointed counsel of his choosing.  He had no
right to be represented in this litigation by a non-lawyer of his
choice" (citations omitted)); United States v. Kelley, 539 F.2d
1199, 1201-03 (9th Cir. 1976) (affirming decision to deny defen-
dant's request for layperson to sit at counsel table or consult
with defendant during trial); see also Bourdon v. Loughren, 386
F.3d 88, 96-97 (2d Cir. 2004) ("The phrase 'effective assistance
of counsel' means, quite plainly, that the defendant is entitled

8

to assistance by a competent attorney who, through his or her

representation of the defendant, plays the role necessary to

ensure that the trial is fair." (citations and internal quotation

marks omitted)).[3]  Defendant has never claimed that any of her

associates are attorneys admitted to practice in this Court.

Therefore, defendant's Sixth Amendment right to the effective

assistance of counsel was not violated.


## C. Procedural Rules

Defendant next argues that there has been no showing of

probable cause in this action.  Specifically, she argues that she

was arrested without a warrant and was charged by information.

---

[3]Several affidavits submitted by defendant cite Johnson v.
Avery, 393 U.S. 483 (1969), Brotherhood of Railroad Trainmen v.
Virginia ex rel. Virginia State Bar, 377 U.S. 1 (1964) and
National Ass'n for Advancement of Colored People v. Button, 371
U.S. 415 (1963) for the proposition that "[l]itigants can be
assisted by unlicensed laymen during judicial proceedings"
(Affidavit of Elvia Saravia, dated Jan. 3, 2017 (D.I. 21) ¶¶ 246,
253, 297, 299); Affidavit of Eric Richmond, dated Jan. 4, 2017
(D.I. 21) ¶¶ 1, 3, 5).  However, Johnson v. Avery, supra, 393
U.S. 483, held that inmates may assist one another in preparing
petitions for post-conviction relief; Brotherhood of Railroad
Trainmen v. Virginia ex rel. Virginia State Bar, supra, 377 U.S.
at 5-6, and National Ass'n for Advancement of Colored People v.
Button, supra, 371 U.S. at 434-36, held that members of an
association have a First Amendment right to consult one another
regarding the need for legal assistance and the attorneys to
retain.  None of these cases involved a request by a pro se
litigant to have a non-lawyer sit with her in the well of the
court.

9

As a result, defendant argues she was entitled to a preliminary hearing on whether there was probable cause to believe she committed the charged offenses (Motion to Disqualify, at 2, 10). She also argues that the Government was required to file a "statement of probable cause" (Supplement to Amended Motion to Disqualify Magistrate Pitman, dated Apr. 12, 2017 (D.I. 52) ("Supplement to Amended Motion to Disqualify"), at 2[4]).

At no time was defendant placed under arrest. On January 28 and July 7, 2016, defendant was issued Violation Notices. The Superseding Misdemeanor Information charges defendant with Class C misdemeanors, which are considered "petty offenses." 18 U.S.C. §§ 19, 3559. Petty offense trials may proceed on an information. Fed.R.Crim.P. 58(b)(1). Moreover, a defendant is not entitled to a preliminary hearing on a petty offense. Fed.R.Crim.P. 5(a); Deandrade v. United States, 11 Civ. 3233 (LBS), 2011 WL 4359930 at *1 (S.D.N.Y. Sept. 19, 2011) (Sand, D.J.).[5] Therefore, defendant's argument has no merit.

---

[4]Defendant was not authorized to file supplements to her motion (Order, dated Nov. 10, 2016 (D.I. 15)). Nevertheless, because her arguments in the supplements can be easily resolved, I shall consider them.

[5]Each Violation Notice also contains statements of probable cause. Defendant argues that the statement of probable cause in the January 28 Violation Notice (Gov.'s Mem., Ex. A, at 3) is hearsay (Amended Motion to Disqualify Magistrate Pitman & AUSA Lake and Motion to Dismiss for Lack of Jurisdiction & Other (continued...)

10

D.   Jurisdiction

Defendant also raises several arguments concerning jurisdiction.  She appears to argue that the Court lacks both subject matter jurisdiction (Motion to Disqualify, at 6; Amended Motion to Disqualify, at 1, 3, 5-7, 13) and personal jurisdiction over defendant (Amended Motion to Disqualify, at 2).[6]  Defendant also argues that I do not have jurisdiction to try her because she did not consent to a magistrate judge presiding over her case (Amended Motion to Disqualify, at 6).

1.   Subject Matter and
     Personal Jurisdiction

"Article III of the Constitution vests in the federal courts the power to adjudicate 'all cases . . . arising

_____

[5](...continued)
Relief, dated Feb. 2, 2017 (D.I. 30) ("Amended Motion to Disqualify"), at 3), presumably because it contains a statement from Court Security Officer Frank Pena to the officer that completed the Violation Notice.  The Federal Rules of Evidence and the prohibition against hearsay are inapplicable to a criminal summons.  Fed.R.Evid. 1101(d)(3).

[6]Defendant raises numerous challenges, including personal jurisdiction, for the first time in her reply, which she has called an "amended motion."  New arguments cannot be asserted for the first time in reply papers even when a litigant is proceeding pro se.  Brown v. Ionescu, 380 F. App'x 71, 72 n.1 (2d Cir. 2010) (summary order); Pointdujour v. Mount Sinai Hosp., 121 F. App'x 895, 896 n.1 (2d Cir. 2005) (summary order).  I shall, nevertheless, consider them.

under . . . the laws of the United States, and Congress has conferred on the federal district courts 'original jurisdiction . . . of all offenses against the laws of the United States." United States v. Ingram, 397 F. App'x 691, 692 (2d Cir. 2010) (summary order) (alterations in original), citing U.S. Const. art. III, § 2 and 18 U.S.C. § 3231; see United States v. Acquest Dev., LLC, 932 F. Supp. 2d 453, 458-59 (W.D.N.Y. 2013) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the jurisdictional inquiry. [D]istrict judges always have subject-matter jurisdiction based on any indictment purporting to charge a violation of federal criminal law." (alteration and emphases in original; internal quotation marks and citations omitted)). Title 41, Code of Federal Regulations, Sections 102-74.385 and 102-74.390(a) were promulgated pursuant to Title 40, United States Code, Section 121(c), a federal statute. Therefore, the Court has subject matter jurisdiction over this prosecution. See United States v. Stone, 121 F. App'x 812, 813 (10th Cir. 2005) (unpublished decision) (because the regulation under which defendant was charged was promulgated pursuant to federal statute, jurisdictional challenge was without merit); see also United

12

States v. Baldwin, No. 11-cr-00018 (PAB), 2013 WL 1751888 at *2
(D. Colo. Apr. 23, 2013) ("While [41 C.F.R. §§ 102-74.385, 102-
74.390] (as well as their titles) reflect relevant 'policies' for
conduct on federal property, they also constitute rules clearly
proscribing certain acts by individuals, the violation of which
may lead to criminal penalties." (footnote omitted)), aff'd, 745
F.3d 1027 (10th Cir. 2014).

        Because the Court has subject matter jurisdiction over
this action, it has personal jurisdiction over defendant. United
States v. Williams, 341 U.S. 58, 65 (1951) ("The District Court
had jurisdiction of offenses against the laws of the United
States.  Hence, it had jurisdiction . . . of the persons charged-
." (footnote and citations omitted)); accord United States v.
Yousef, 750 F.3d 254, 259 (2d Cir. 2014); United States v. Rubin,
743 F.3d 31, 37 (2d Cir. 2014); United States v. Borbon, 326 F.
App'x 35, 37 (2d Cir. 2009) (summary order).

                2.  Magistrate Judge's Jurisdiction

        Title 18, United States Code, Section 3401(a) provides
that "[w]hen specially designated to exercise such jurisdiction
by the district court or courts he serves, any United States
magistrate judge shall have jurisdiction to try persons accused
of, and sentence persons convicted of, misdemeanors committed

                                13

within that judicial district." Local Criminal Rule 59.1(a) provides that "[f]ull-time Magistrate Judges are hereby specially designated to exercise the jurisdiction set forth in 18 U.S.C. § 3401." Additionally, a defendant charged with petty offenses cannot elect to be tried before a district judge. 18 U.S.C. § 3401(b). Thus, because defendant has been charged with misdemeanors that are petty offenses, I have the authority to try defendant without her consent. United States v. Zenon-Encarnacion, 387 F.3d 60, 64 (1st Cir. 2004); United States v. Rivera-Negron, 201 F.R.D. 285, 286-87 (D.P.R. 2001).

### E.  Remaining Arguments

Defendant raises numerous objections to the content of the Misdemeanor Information that was filed in this case. However, because that Information has been superseded, it is no longer operative. Similarly, defendant argues that the bond against her should be revoked because it was obtained in connection with a Misdemeanor Information that was a "fraud on the court" (Motion to Disqualify, at 9-10; Amended Motion to Disqualify, at 4). Defendant's argument appears to stem from a misunderstanding of the effect of a revocation of her bond. If her bond were revoked, defendant would be detained in either the Metropolitan Correctional Center or the Metropolitan Detention

14

Center until the charges against her are resolved. It is doubt-
ful defendant wants this result, and, therefore, her application
to revoke the bond is denied without prejudice. I am willing to
revisit this issue if defendant truly wants her bond revoked.

Defendant also claims that the Government failed to
serve defendant with the Misdemeanor Information (Amended Motion
to Disqualify, at 6). However, there is no requirement in the
Federal Rules of Criminal Procedure for service of an informa-
tion. See Fed.R.Crim.P. 49.

Defendant argues that the Government violated Title 18,
United States Code, Section 3161(b) because it failed to file the
Misdemeanor Information in a timely manner (Supplement to Amended
Motion to Disqualify, at 5). However, Section 3161(b) does not
apply here because defendant is charged with petty offenses. See
18 U.S.C. § 3161(b) (limiting application of that subsection to
individuals charged with an offense); 18 U.S.C. § 3172 ("As used
in this chapter . . . the term 'offense' means any Federal
criminal offense . . . other than a Class B or C misdemeanor . .
. .").

Defendant also argues that the Superseding Misdemeanor
Information was filed in violation of her double jeopardy rights
(Supplement to Amended Motion to Disqualify, at 3). "Generally,
jeopardy is said to attach at trial once the jury has been

15

empanelled or once the court begins to hear evidence at a bench trial." Lockett v. Montemango, 784 F.2d 78, 82 (2d Cir. 1986), citing Serfass v. United States, 420 U.S. 377, 388 (1975). Because a jury has not been empanelled and the court has not heard evidence yet, jeopardy has not attached.

Defendant also argues that the orders of dismissal in Radin v. Peck, 16 Civ. 6724 (JGK) (S.D.N.Y. 2016) and Radin v. Freeman, 16 Civ. 6307 (ALC) (S.D.N.Y. 2016) are "void for fraud" (Motion to Disqualify, at 12). If defendant wishes to challenge these decisions, her remedy lies in an appeal to the Second Circuit. The dismissals of those two civil cases are immaterial to this matter.

Defendant does not want a Southern District pro se staff attorney involved in her case (Motion to Disqualify, at 13). Defendant presents no evidence that a pro se staff attorney is involved in her case, and defendant does not cite any authority that would warrant such relief if that were the case.

Defendant contends that the Government did not comply with Local Civil Rule 7.2 because it failed to provide defendant with copies of authorities it cited in its memorandum of law in opposition to defendant's motion (Amended Motion to Disqualify, at 1). However, as its name implies, the Local Civil Rules do not apply in a criminal case, and the Local Criminal Rules do not

contain a parallel provision requiring the Government to provide a pro se defendant with copies of the authorities cited in the Government's submissions.

Defendant seeks to have the Assistant United States Attorney (the "AUSA") who is prosecuting defendant "remove[d] . . . from this case for lying" (Amended Motion to Disqualify, at 1). However, defendant has not provided evidence, beyond "mere speculation" and baseless arguments, that the AUSA lied at any point. United States v. Wallach, 788 F. Supp. 739, 743 (S.D.N.Y. 1992) (Owen, D.J.), aff'd, 979 F.2d 912 (2d Cir. 1992). Moreover, there is no provision of law that permits a federal criminal defendant to challenge the Government's choice of the prosecuting attorney.

Defendant seeks to "strik[e]" my Order dated November 10, 2016 (D.I. 15) because of (1) a lack of a showing of probable cause in this action; (2) a conspiracy with Judge Peck to deceive defendant that ticket number H5118158 had been dismissed and (3) a violation of defendant's right to due process because the order limited defendant's submission for this motion to 25 pages (Motion to Disqualify, at 1, 11).[7]

_____

[7]The Order set deadlines and page limits on this motion and excluded the time between November 10, 2016 and the filing of defendant's motion from the speedy trial calculation pursuant to (continued...)

As explained above, see supra Section III.C., the Government has complied with all applicable procedural rules. Additionally, defendant has not presented a scintilla of evidence demonstrating the existence of a conspiracy to deceive defendant. Moreover, a page limit on defendant's submission is not a violation of due process. See Watts v. Thompson, 116 F.3d 220, 224 (7th Cir. 1997) ("Enforcing page limits and other restrictions on litigants is rather ordinary practice."); Does v. Mills, 04 Civ. 2919 (RWS), 2005 WL 900620 at *9 (S.D.N.Y. Apr. 18, 2005) (Sweet, D.J.) ("Due process challenges based on page limits have been dismissed by federal courts."). Therefore, there is no basis to "strik[e]" my November 10, 2016 Order.

Defendant also argues that the Government has not shown that the federal government owns the Courthouse and, therefore, the charges against her cannot be sustained (Supplement to Amended Motion to Disqualify, at 3, 7). This is really a contention that an element of the charged offenses is lacking and is an issue for trial.

Defendant also claims that she never received Miranda warnings and, therefore, the Government cannot use any of defendant's statements against her (Supplement Regarding No Miranda

---

$^7$(...continued)
18 U.S.C. § 3161(h)(7)(A).

18

Warnings, dated Apr. 17, 2017 (D.I. 53)). If defendant wishes to challenge the Government's use of defendant's statements against her, she should file a motion to suppress her statements. In addition, defendant has not identified any statements that the Government seeks to use against her.

Finally, defendant argues that she was never served with a summons "that invokes the jurisdiction of the federal district court" (Supplement to Amended Motion to Disqualify, at 5). Rule 9(a) of the Federal Rules of Criminal Procedure states that "[t]he court must issue a warrant -- or at the government's request, a summons -- for each defendant named in an . . . information if" there is probable cause to believe that the defendant committed the offense. The government has not requested a summons, and there is no time limitation in Rule 9 for the issuance of an arrest warrant.

An arrest warrant is an order to law enforcement agencies to take a defendant into custody. The warrant can be executed during the day or at night. Arrest warrants are frequently executed during the early morning hours because that is when a defendant is most likely in his or her residence. When a defendant is arrested, he or she is transported to the courthouse in handcuffs, processed by the United States Marshals, placed in

a cell with other individuals who have been arrested and pre-
sented to a judicial officer.

Given that defendant was originally charged with Class
B and Class C misdemeanors (Misdemeanor Information, filed Aug.
3, 2016 (D.I. 1)) and that she has a nonviolent history, and in
an effort to minimize the hardship on defendant that would result
from this prosecution, this Court hoped that defendant would
appear in response to an Order from the Court without a warrant.
And, in fact, defendant did appear for an initial appearance
before Judge Peck (D.I. 5).

Defendant, nevertheless, argues that Fed.R.Crim.P. 9(a)
was violated. I do not believe plaintiff really wants to be
arrested, and I shall, therefore, deny this aspect of her motion
without prejudice to renewal. If plaintiff wishes to renew her
motion, she may do so and I shall issue a warrant for her
arrest.[8]

---

[8]Defendant also demands certain documents and objects
throughout her submissions, and states that because the Govern-
ment has not responded to her document demands, the action must
be dismissed (Supplement to Amended Motion to Disqualify, at 5).
Defendant also claims that because I did not schedule hearings to
take judicial notice, the Court lacks jurisdiction (Supplement to
Amended Motion to Disqualify, at 5). Defendant's ability to
demand documents and my authority to take judicial notice are
addressed in a separate Order of even date.

20

IV.  Conclusion

For the foregoing reasons, defendant's motion is denied
in all respects.  The Clerk of the Court is respectfully re-
quested to close Docket Items 21 and 30.

Dated:  New York, New York
        May 22, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Michael Ferrara, Esq.
Stephanie L. Lake, Esq.
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York  10007

Ms. Lidya M. Radin
c/o Mr. Joe Friendly
Apt. 8-A
203 West 107th Street
New York, New York  10025