USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/2017

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,          :

    -against-                      :    S1 16 Cr. 528 (HBP)

LIDYA MARIA RADIN,                 :    ORDER

              Defendant.           :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I write to resolve several outstanding motions and requests filed by defendant, who is proceeding pro se.

First, defendant has served and filed numerous requests for admissions (Docket Items ("D.I.") 35, 38, 40, 41). The Federal Rules of Criminal Procedure do not authorize requests for admissions. They are discovery devices that exist only in civil actions. Therefore, the Government need not respond to these requests.

Second, defendant has filed a "Petition for Abatement for Misnomer" (D.I. 44). In this petition, defendant, "by authority of the Constitution of the United States . . . petition[s] this court to abate the . . . 'SUPERSEDING MISDE-MEANOR INFORMATION'" because "the Instrument is against a fictitious name, 'LIDYA MARIA RADIN.'" Defendant explains that her name should not appear in all capitalized letters. I construe

this "petition" as a motion to dismiss the information pursuant to Fed.R.Crim.P. 12(b)(3)(B).

The grounds for moving to dismiss an information pursuant to Rule 12(b)(3)(B) include joining two or more offenses in the same count, charging the same offense in more than one count, lack of specificity, improper joinder and failure to state an offense. Although this list is not exclusive, defendant's argument that the information must be dismissed because her entire name is capitalized is patently frivolous. Her name is not even misspelled, and it is abundantly clear that defendant is the individual charged in the information. See United States v. Emuegbunam, 268 F.3d 377, 395 (6th Cir. 2001) ("'A name need not be correctly spelled in an indictment, if substantially the same sound is preserved.'"), quoting Faust v. United States, 163 U.S. 452, 454 (1896); Thibodeau v. United States, 361 F.2d 443, 444 (5th Cir. 1966) (per curiam); Capriola v. United States, 61 F.2d 5, 11-12 (7th Cir. 1932) ("There is no question but that the appellant was the party indicted. Common sense and judicial precedent, alike, sustain the view that indictments are not subject to attack simply because of a mistake in the spelling or the initials of one of the parties."), citing, inter alia, Faust v. United States, supra, 163 U.S. at 545 and Alexis v. United States, 129 F. 60, 62-63 (5th Cir. 1904). Therefore, the fact

2

that defendant's name appears in all capitalized letters is not a ground for dismissing the information.

Third, defendant has filed a motion for a default judgment (D.I. 47, 48). In her motion, defendant claims she is entitled to a default judgment based on the Government's failure to respond to her Petition for Abatement for Misnomer. As stated above, the petition is frivolous and, therefore, defendant is not entitled to any relief as a result of the Government's failure to respond to the application.

Defendant also seeks to have the following facts "certified":

> 1. "[T]here are no federal ticket/violation notices filed."
>
> 2. "[T]here are no statements of probable [cause] filed, for issuance of an arrest warrant or summons."
>
> 3. "[T]here is no Complaint filed."
>
> 4. "[T]here is no Summons in a Criminal Case filed."
>
> 5. "[T]here is no proof of service of a Summons in a Criminal Case."
>
> 6. "[T]he filed Information stated falsely that the federal courthouse located at 500 Pearl Street, New York, New York is within the 'special maritime and territorial jurisdiction of the United States,' when,

>        in fact, this federal courthouse is not within the
>        'special maritime and territorial jurisdiction of the
>        United States.'"
>
>        7.  "[T]he filed Information is not supported by
>        statements of probable cause for issuance of an arrest
>        warrant or a summons."
>
>        8.  "[T]he filed so-called 'Superseding Informa-
>        tion' is not supported by statements of probable cause
>        for issuance of an arrest warrant or a summons."

(Request for Entry of Default, dated Mar. 27, 2017 (D.I. 47). I construe this as a motion for the Court to take judicial notice of certain facts. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). For example, the court can take judicial notice of its files in this matter. Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); Sidney v. Wilson, 228 F.R.D. 517, 522 (S.D.N.Y. 2005) (Marrero, D.J.). Conversely, legislative facts, or those facts "which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body," cannot be judicially noticed. Fed.R.Evid. 201(a); Advisory Committee Notes to 1972 Proposed Rules for Fed.R.Evid. 201.

I take judicial notice of the fact that a federal ticket or violation notice, complaint, "statement of probable cause," summons or proof of service were not filed in this action.[1] These facts can be accurately and readily determined from the docket sheet in this matter, found on the Court's ECF system. The other "facts" defendant seeks to have judicially noticed are subject to reasonable dispute and, therefore, I cannot judicially notice them.

Similarly, defendant has filed two motions for "an open, public hearing pursuant to taking judicial notice" (D.I. 31, 33). Defendant requests a hearing so that I may take judicial notice of certain facts listed in her motions, such as the "fact" that defendant did not cause a disturbance in the courtroom of the Honorable William H. Pauley III, United States District Judge, and that this Court has proceeded without subject matter jurisdiction or personal jurisdiction over defendant. These facts cannot be judicially noticed under Fed.R.Evid. 201 because they are subject to reasonable dispute and they cannot be accurately and readily determined from sources whose accuracy

---

[1] By taking judicial notice of these facts, I do not resolve, one way or the other, whether they are material to this prosecution. That will be resolved in a separate Opinion and Order of even date.

cannot reasonably be questioned.  Therefore, defendant's requests for a hearing are denied.

Fourth, defendant has filed a motion for a verified bill of particulars (D.I. 22).  Under Fed.R.Crim.P. 7(f), "[t]he court may direct the government to file a bill of particulars." The decision to grant a bill of particulars is committed to the sound discretion of the district court.  United States v. Kerik, 615 F. Supp. 2d 256, 277 (S.D.N.Y. 2009) (Robinson, D.J.), citing United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988); United States v. Wang, 98 Cr. 199 (DAB), 1998 WL 556160 at *6 (S.D.N.Y. Aug. 31, 1998) (Buchwald, D.J.), citing United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

> A bill of particulars is not an investigative tool, or a tool of discovery, but rather is meant to apprise the defendant of the essential facts of a crime and should be required only where the charges of an indictment are so general that they do not advise a defendant of the specific acts of which [s]he is accused.

United States v. Kerik, supra, 615 F. Supp. 2d at 277 (internal quotation marks omitted); see United States v. Mitlof, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) (McMahon, D.J.) ("The Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crime charged, or a preview of the Government's evidence or legal

theories."), citing United States v. Wilson, 565 F. Supp. 1416, 1439 (S.D.N.Y. 1983) (Weinfeld, D.J.), United States v. Mannino, 480 F. Supp. 1182, 1185 (S.D.N.Y. 1979) (Sweet, D.J.) and United States v. Culoso, 461 F. Supp. 128, 134 & n.9 (S.D.N.Y. 1978) (Cooper, D.J.), aff'd without opinion, 607 F.2d 999 (2d Cir. 1979). "'Generally, if the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required.'" United States v. Wang, supra, 1998 WL 556160 at *5, quoting United States v. Davidoff, supra, 845 F.2d at 1154 and United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). Here, the information apprises defendant "of the charges against [her] with sufficient precision to enable [her] to prepare a defense and avoid unfair surprise at trial." United States v. Wang, supra, 1998 WL 556160 at *6. It alleges that on or about January 28, 2016, defendant refused to comply with directions from court security personnel not to enter an elevator with another individual at the United States Courthouse located at 500 Pearl Street, New York, New York (the "Courthouse") (Superseding Misdemeanor Information, filed Sept. 26, 2016 (D.I. 12) ("Superseding Information") ¶ 1). The Superseding Information goes on to allege that on or about July 7, 2016, defendant yelled and screamed in the lobby of the Courthouse and refused to comply with directions from court security

personnel to leave the Courthouse (Superseding Information ¶¶ 2-3). Accordingly, defendant's motion for a bill of particulars is denied.

Fifth, defendant has filed two requests for the production of documents and things (D.I. 36, 42). In a criminal action, a defendant's right to obtain documents from the prosecution is limited. To the extent relevant here, Fed.R.Crim.P. 16(a)(1)(E) permits a defendant to obtain documents (1) within the possession, custody or control of the Government and (2) that are material to the preparation of the defense. "Evidence is material under Rule 16 'if it could be used to counter the government's case or to bolster a defense . . . .'" United States v. Lobo, 15 Cr. 174 (LGS), 2017 WL 1102660 at *2 (S.D.N.Y. Mar. 22, 2017) (Schofield, D.J.), quoting United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993); accord United States v. Wallace, 15 Cr. 794 (KBF), 2016 WL 4367961 at *12 (S.D.N.Y. Aug. 11, 2016) (Forrest, D.J.). "'There must be some indication that the pretrial disclosure of the disputed evidence would . . . enable[] the defendant significantly to alter the quantum of proof in [her] favor.'" United States v. Urena, 989 F. Supp. 2d 253, 261 (S.D.N.Y. 2013) (Engelmayer, D.J.) (alterations in original), quoting United States v. Maniktala, 934 F.2d 25, 28 (2d Cir. 1991). Importantly, Rule 16 "does not entitle a

8

criminal defendant to a broad and blind fishing expedition among [items] possessed by the Government on the chance that something impeaching might turn up." United States v. Larranga Lopez, No. 05-CR-655 (SLT), 2006 WL 1307963 at *8 (E.D.N.Y. May 11, 2006) (alteration in original; internal quotation marks omitted).

Defendant is not entitled to any of the documents she requests. First, a number of document requests have nothing to do with the charged offenses. Second, to the extent defendant requests exculpatory documents and material that would tend to impeach the Government's witnesses, the Government is already obligated to produce the documents pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), if it has not done so already. Third, defendant's request for a list of witnesses is denied because the Government is not obligated to produce a witness list in a criminal case. Weatherford v. Bursey, 429 U.S. 545, 559 (1977).[2] Finally,

---

[2]Although the Government is not required to disclose a witness list in a criminal case, a court may, in the exercise of its discretion, direct such disclosure. The factors relevant to determining whether to order disclosure of a witness list include:

> (1) Did the offense alleged in the indictment involve a crime of violence?
>
> (2) Have the defendants been arrested or convicted for crimes involving violence?

(continued...)

9

defendant's remaining document requests[3] will not enable her "significantly to alter the quantum of proof in [her] favor." United States v. Urena, supra, 989 F. Supp. 2d at 261. It is unclear what probative value these documents have, if any, and why they are needed in addition to Brady material.

Sixth, defendant has filed a "Common Law Notice Claim of Lien Obligation & Affidavit of Truth and Fact" addressed to Ruby J. Krajick, the Clerk of the Court and Richard Wilson, the Chief Deputy Clerk (D.I. 50 ("Common Law Notice")). In this document, defendant states that Ms. Krajick and Mr. Wilson must

---

[2](...continued)
  (3) Will the evidence in the case largely consist of testimony relating to documents (which by their nature are not easily altered)?

  (4) Is there a realistic possibility that supplying the witnesses' names prior to trial will increase the likelihood that the prosecution's witnesses will not appear at trial, or will be unwilling to testify at trial?

  (5) Does the indictment allege offenses occurring over an extended period of time, making preparation of the defendants' defense complex and difficult?

  (6) Do the defendants have limited funds with which to investigate and prepare their defense?

United States v. Turkish, 458 F. Supp. 874, 881 (S.D.N.Y. 1978) (Broderick, D.J.); accord United States v. Solomonyan, 451 F. Supp. 2d 626, 645 (S.D.N.Y. 2006) (Holwell, D.J.). Defendant has not addressed these factors in her pending motion.

[3]A complete list of these remaining requests is included as Appendix 1 to this Order.

10

respond to her motion for a default judgment, "provide sworn affidavits and evidence to rebut" certain "statements of fact" or pay her $25 million. The Federal Rules of Criminal Procedure do not authorize defendant to demand federal employees to confirm or deny certain facts, and these facts, except that defendant filed a "request for Entry of Default" on March 29, 2017 (Common Law Notice ¶ 9), cannot be judicially noticed for the same reasons stated above. Defendant is reminded that 18 U.S.C. § 1521 provides that whoever attempts to file a false lien against a federal employee's property because of the employee's official duties, and knows the lien is false, shall be fined and/or imprisoned for a maximum of 10 years. Frivolous liens against federal employees carry severe penalties.

Dated:  New York, New York
        May 22, 2017

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Michael Ferrara, Esq.
Stephanie L. Lake, Esq.
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York  10007

11

Ms. Lidya M. Radin
c/o Mr. Joe Friendly
Apt. 8-A
203 West 107th Street
New York, New York  10025

Appendix 1[4]

1. "The insurance bond and any and all insurance information for Court Security Guard/agent of the U.S. Marshals/contract guard Frank Pena, and the insurance bonds and insurance information for each and every other Court Security Guard/agent of the U.S. Marshals/contract guard that participated in so-called security escorts of [defendant] and/or any members of [defendant's] group/safety escort, including any and all contracts, training materials, tests, background checks, clearances, psychological and physical tests and clearances, recommendations, including the meta data and all linked files, reports, alerts, investigations, and the like, in any form, and any and all other materials connected to their employment as Court Security Officers/agents of the U.S. Marshals/contract guards including the duty rooster [sic] for January 28, 2016 and the identities of Frank Pena's supervisors/handlers."

2. "The orders that authorized the so-called security escorts of [defendant] and/or members of [defendant's] group/safety escort including any and all from the Federal Protective Service Mega Center and orders maintained in the Court Security Guard/contract guard duty book."

3. "A detailed list of the chain of custody of the building video tapes from the unwarranted assault on [defendant] on January 28, 2016 by Frank Pena, from all cameras."

4. "Un-edited video tapes of the assault on [defendant] by Frank Pena on January 28, 2016 from all cameras, all angles."

---

[4] These document requests are quoted from defendant's requests for the production of documents and things (D.I. 36, 42).

13

    5. "The recorded radio transmissions from January 28, 2016 between Frank Pena and his supervisors/handlers in connection with the false arrest and false imprisonment that Frank Pena inflicted upon [defendant]."

    6. "The negotiated agreement showing the transfer of the property at 500 Pearl Street, New York, New York to the General Service Administration/federal government and any and all other documents including but not limited to the deed, the 30-year lease terminating in 2019 or 2020, management agreement, the rental checks and any and all financial arrangements and/or agreements in connection with the construction of the federal courthouse at 500 Pearl Street, New York, New York."

    7. "The personnel files of each government agent in connection with the crimes of false arrest and false imprisonment inflicted on [defendant] on January 28, 2016 and on July 7, 2016 for information relevant to bias, previous reports of excessive use of force, or lack of honesty including but not limited to those government agents and other individuals whose identity and contact information are being deliberately concealed from [defendant] in violation of U.S. Attorney Preet Bharara's ongoing duty under Brady (Brady v. Maryland, 373 U.S. 83 (1963)) by, for example, tampering with the building video tape(s) to conceal over an hour of video tape in connection with the crimes of false arrest and false imprisonment inflicted upon [defendant] on January 28, 2016 in the federal district courthouse located at 500 Pearl Street, New York, New York and in connection with ex-parte communications with Magistrate Peck on January 28, 2016."

    8. "All emails, texts, reports, and other communications from, to, and among agents of the U.S. Marshal's Service, and/or the Department of Homeland Security and/or the Federal Protective Service and/or the U.S. Attorney's Office and/or any other individual or individuals including but not limited to Frank Pena

14

and Attorney Robert Perry in connection with the crimes of false arrest and false imprisonment that were inflicted upon [defendant] on January 28, 2016 in the federal district courthouse located at 500 Pearl Street, New York, New York."


9. "All emails, texts, reports, and other communications from, to, and among agents of the U.S. Marshal's Service and/or the Department of Homeland Security and/or the Federal Protective Service and/or contract court security officers and/or the U.S. Attorney's Office and/or any other individual or individuals in connection with Homeland Security Officers Green, Samuel, Will, Wong, and Sandrowsky menacing, instilling fear, threatening members of [defendant's] group on July 7, 2016."


10. "Any notes of government agents including but not limited to statements that [defendant] '<u>refused to sit after being placed in handcuffs</u>' on July 7, 2016 including the identity of the so-called law enforcement agent who made these statements and to whom these statements were made." (emphasis in original)

15