

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 8, 2017

**BY ECF & HAND**

The Honorable Henry B. Pitman
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Radin*, S1 16 Cr. 528 (HBP)

Dear Judge Pitman:

    The Government respectfully submits this letter in response to the defendant's August 22, 2017 *pro se* motion, which is styled in part as a motion to arrest judgment pursuant to Federal Rule of Criminal Procedure 34. As the Court is aware, on August 8, 2017, the defendant was convicted of three misdemeanor counts of disorderly conduct and failure to comply with signs and directions, as charged in the Superseding Information in this case, after a bench trial. Sentencing is scheduled for September 28, 2017. In addition to moving for arrest of judgment, the defendant moves for an extension of time, change of venue, assignment of new standby counsel, and Your Honor's recusal. The defendant's arguments largely restate points she raised in advance of trial, which the Court rejected in its May 22, 2017 opinion. *See* Dkt. Nos. 55 and 56.

    **I.**    **Arrest of Judgment**

    The defendant first moves for an arrest of judgment pursuant to Federal Rule of Criminal Procedure 34, claiming that this Court lacks jurisdiction.

    **a.**    **Legal Standard**

    Federal Rule of Criminal Procedure 34 provides, in pertinent part, that "[u]pon the defendant's motion or on its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense." Fed. R. Crim. P. 34(a). "Rule 34 expressly covers motions in arrest on the ground that the indictment does not charge a crime, and on the ground the court has no jurisdiction." *United States v. Bradford*, 194 F.2d 197, 201 (2d Cir. 1952); *see also United States v. Rosenberg*, 195 F.2d 583, 603 (2d Cir. 1952). In deciding a motion brought under Rule 34, "[a] court may not look beyond the face of the 'record' which consists of 'no more than the indictment, the plea, the verdict ... when the plea is "not guilty" . . . and the sentence. . . .'" *United States v. Muyet*, 994 F. Supp. 550, 563 (S.D.N.Y. 1998) (citation omitted; alterations in original).

### b. Discussion

Contrary to the defendant's contentions, the Superseding Information charged her with valid offenses and this Court has jurisdiction over those offenses. Specifically, the defendant was charged with and convicted of three violations of the Code of Federal Regulations, which govern behavior on federal property. These are federal offenses over which this Court has jurisdiction. *See* 18 U.S.C. § 3231 (vesting jurisdiction in the district courts over "all offenses against the laws of the United States"); Fed. R. Crim. P. 58(b)(2)(E) (establishing that trials for petty offenses may proceed before a magistrate judge). Her Rule 34 motion therefore should be denied.

The defendant's arguments in support of her motion to arrest judgment largely restate arguments she has raised in pre-trial motions and throughout the trial. This Court has already rejected these arguments. *See* Dkt. No. 55 at 11-14. The defendant points to no new information to suggest that the Court's prior rulings were in error.[1] As was the case in her pre-trial motion, the defendant's arguments focus on the tickets she was issued in connection with the charged offenses and a prior Information, which are not the operative charging instruments in this case. *See* Dkt. No. 12 (Superseding Information). Those arguments are therefore entirely immaterial to the question of whether this Court has jurisdiction over the offenses charged in the Superseding Information.

## II. Remaining Motions[2]

### a. Extension of Time

The defendant moves for an extension of time to supplement her motion after obtaining the August 8, 2017 trial transcript. No such extension is necessary. The defendant's failure to obtain the August 8, 2017 trial transcript is a problem of her own making. She could have requested the assistance of standby counsel to obtain the transcript, but apparently failed to do so.

---

[1] The defendant appears to argue that former United States Attorney Preet Bharara's failure to testify somehow bears on the jurisdictional analysis. As an initial matter, the Government mailed a letter to the defendant, copying the Court, in which it explained why the defendant's subpoena to Mr. Bharara was deficient and that he would not be testifying in this case. For reasons unknown to the Government, this letter was sent back to the U.S. Attorney's Office after trial concluded in this case. It is not clear whether or not the defendant read it. In any event, although the defendant asserts that she has "a right to authenticate Preet Bharara's signatures by demanding his pretense [*sic*]," this is plainly not so. The defendant does not nor can she point to any legal support for the assertion that the signatory to a Government document must appear at a trial and authenticate his or her signature in order for the document to be valid. *Cf. United States v. Stern*, No. 03 CR. 81 (MBM), 2003 WL 22743897, at *3 (S.D.N.Y. Nov. 20, 2003) (presumption of regularity attached to facially valid indictment).

[2] The defendant also appears to request sanctions against the prosecutors in this case and assignment of a special prosecutor. There is nothing in the defendant's motion or the record in this case to support these requests.

The defendant also fails to explain why the transcript is necessary for her to supplement her motions. The only witness to testify on August 8 was Federal Protective Services Officer Samuel, who was called as a defense witness. The defendant appears to argue that Officer Samuel testified that he violated the defendant's rights, but even if this had been the testimony (which it was not), it would be immaterial to the defendant's instant motions. A Rule 34 motion cannot rely on the proof adduced at trial. *See Muyet*, 994 F. Supp. at 563. The August 8 transcript is similarly immaterial to any arguments she may have wished to raise under Rules 29 and 33, as the Government is not relying on Officer Samuel's testimony to prove the defendant's guilt, nor did Officer Samuel provide any testimony useful for the defendant. Further delay of these proceedings, including of the sentencing in this case, is therefore not warranted.

### b. Change of Venue

The defendant moves for a change of venue, asserting certain conflicts of interest in this district. Federal Rule of Criminal Procedure 21 provides that "[u]pon the defendant's motion, the court must transfer the proceeding against the defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). Because the trial in this case has already concluded, there is no basis for now requesting a change of venue.

### c. Appointment of New Standby Counsel

The defendant is not entitled to appointment of new standby counsel to assist in the filing of motions. As detailed in the Government's pre-trial briefing, *see* Dkt. No. 27 at 8, the defendant was offered numerous opportunities to have counsel appointed for her in advance of the trial. The defendant was offered counsel again at the start of the trial. *See* Trial Tr. at 3:8-38:5. However, the defendant consistently refused these offers. The defendant ultimately accepted standby counsel, but her relationship with standby counsel deteriorated, necessitating the appointment of new standby counsel on the final day of trial. *See* Dkt. No. 72. The defendant is not entitled to the assistance of standby counsel at all, let alone after the trial has concluded, and after the defendant has rejected the assistance of the two highly capable defense attorneys who were offered to her as standby counsel. *Cf. United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997) (holding that criminal defendants proceeding *pro se* have no right to standby counsel).

The defendant further contends that standby counsel's actions somehow hindered her ability to prevail at trial because standby counsel served subpoenas returnable to standby counsel, rather than to the *pro se* defendant. The defendant points to nothing but unsupported conjecture in levying this accusation. Moreover, as indicated above, a defendant proceeding *pro se* cannot later disturb a guilty verdict by claiming ineffective assistance of standby counsel (to the extent the defendant is so attempting to argue). *See id.* The issues the defendant now raises were also raised and rejected by the Court on the record during the trial. *See* Trial Tr. at 558:15-561:10.

### d. Recusal

The defendant argues, for the second time, that Your Honor should be recused from these proceedings. This issue has been fully briefed and decided. *See* Dkt. No. 55 at 3-7. The defendant

points to no new facts to support her contention that recusal is appropriate, nor can she. There is simply nothing in the record to support her claims of bias, judicial involvement in a "ticket scam," or any other possible basis for recusal.

**III.     Conclusion**

For the foregoing reasons, the defendant's motions should be denied

Respectfully Submitted,

JOON H. KIM
Acting United States Attorney

By: _____
Stephanie Lake/Michael Ferrara
Assistant United States Attorneys
(212) 637-1066/2526

cc: Lidya Maria Radin (by mail)